UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAMON A. MYERS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　　)
　vs.　　　　　　　　　　　　　　　　)　　1:11-cv-01376-JMS-TAB
　　　　　　　　　　　　　　　　　　　)
STACY DOAN-SELMIER,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　　)

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I. Petition for Writ of Habeas Corpus**

The petitioner's motion for relief from order of judgment in No. 1:10-cv-01067-RLY-TAB was evaluated pursuant to *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and has been processed as a new action seeking habeas corpus relief pertaining to his 2006 conviction for child molesting in an Indiana state court. This conviction was affirmed on appeal in *Myers v. State*, No. 49A05-0610-CR-616 and 49A04-0612-CR-690 (Ind.Ct.App. July 23, 2007.

The action is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

Myers has been down this path before. Specifically, in No. 1:10-cv-01067-RLY-TAB, Myers sought habeas corpus relief with respect to the same conviction. After briefing and the filing of an expanded record, it was concluded that Myers was not entitled to a writ of habeas corpus because he committed procedural default in the state courts. Accordingly, the habeas action docketed as No. 1:10-cv-01067-RLY-TAB was dismissed with prejudice on June 22, 2011.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner must obtain permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Myers has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/17/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana